THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | |
|---|---|
| In re:<br><br>JAMES EDWARD WHITLEY (a/k/a "Ed Whitley"),<br><br>    Debtor. | Case No. 10-10426-WLS<br>Chapter 7 |
| CHARLES M. IVEY, III,<br>Chapter 7 Trustee for the Estate<br>of JAMES EDWARD WHITLEY<br><br>    Plaintiff,<br><br>vs.<br><br>HUBERT VESTER<br><br>    Defendant. | Adv. No. 11-2056 |

MEMORANDUM OPINION

On February 21, 2012, the court entered an order instructing the parties to either file a written consent to the court's authority to enter final judgment on the claims asserted in this proceeding, or file briefs outlining their respective positions as to whether and how the Supreme Court's ruling in Stern v. Marshall, 564 U.S. --, 131 S. Ct. 2594 (2011), affects this court's authority to enter final judgment. On March 28, 2012, the Defendant filed a brief in which the Defendant argues that this court may neither enter a final judgment in this proceeding nor make proposed findings of fact and conclusions of law for submission to the district court. The court held a hearing regarding these matters

on April 3, 2012, in Greensboro, North Carolina. This opinion sets forth the conclusions reached by the court regarding the effect of the decision in <u>Stern v. Marshall</u>.

## BACKGROUND

James Edward Whitley (the "Debtor") was the sole shareholder and principal officer of South Wynd Financial, Inc., a corporation purportedly in the business of invoice funding and receivables financing ("factoring"). In reality, the Debtor's factoring business was non-existent, fictitious, and amounted to a Ponzi scheme. On March 8, 2010, a group of unsecured creditors filed an involuntary petition against the Debtor. Charles Ivey (the "Plaintiff") was appointed as Trustee and subsequently commenced multiple adversary proceedings against some of the investors in the Debtor's investment scheme, including the Defendant.

## MATTER BEFORE THE COURT

The Trustee asserts fraudulent transfer claims pursuant to 11 U.S.C. § 548(a)(1)(A) and 11 U.S.C. § 544 through N. C. Gen. Stat. § 39-23.1 to avoid transfers made by the Debtor to the Defendant. The court is called upon to determine, pursuant to <u>Stern</u>, whether it may enter a final judgment as to the fraudulent transfer claims and, if not, whether the court may make findings of fact and conclusions of law for submission to the district court.

DISCUSSION

The Defendant has not filed a proof of claim in the underlying bankruptcy case. Consequently, this is not a proceeding in which a final judgment may be entered because the claims "would necessarily be resolved in the claims allowance process." Stern v. Marshall, 131 S. Ct. at 2618.

A number of courts have considered whether the bankruptcy court may enter a final judgment where, as in this proceeding, a fraudulent transfer claim has been asserted against a defendant who has not filed a proof of claim or consented to the court entering a final judgment. The courts are divided on this issue. Many, perhaps most, courts have concluded that the bankruptcy court may not enter a final judgment under such circumstances. E.g. McFarland v. Leyh (In re Tex. Gen. Petrol. Corp.), 52 F.3d 1330, 1336-37 (5th Cir. 1995); Burns v. Dennis, et al., No. B-09-52606 C-7W, at *36-39 (Bankr. M.D.N.C. March 27, 2012); Stettin v. Regent Capital Partners, LLC. (In re Rothstein, Rosenfeldt, Adler, P.A.), No. 11-62612-CIV-MARRA, slip op. at *3 (S.D. Fla. Mar. 7, 2012); Blixseth v. Brown, -- F. Supp. 2d --, 2012 WL 691598 (D. Mont. Mar. 5, 2012); In re Heller Ehrman LLP, 2011 WL 6179149, at *3-5 (N.D. Cal. 2011); In re El-Atari, 2011 WL 5828013, at *2 (E.D. Va. Nov. 18, 2011); Dev. Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP, 462 B.R. 457, 469 (S.D.N.Y. 2011); In re Canopy Fin., Inc., 464 B.R. 770, 773 (N.D. Ill. 2011). The cases reaching a contrary

conclusion include <u>Kirschner v. Agoglia ( In re Refco Inc.</u>), 461 B.R. 181, 186-188 (Bankr. S.D.N.Y. 2011); <u>Miller v. Greenwich Capital Fin. Prods. (In re Am. Bus. Fin. Servs., Inc.</u>), 457 B.R. 314, 319-20 (Bankr. D.Del. 2011); <u>Springel v. Prosser (In re Innovative Commc'n Corp.)</u>, 2011 WL 3439291, at *3-4, 2011 Bankr.LEXIS 3040, at *13-14 (Bankr. D.V.I. Aug. 5, 2011); <u>Burtch v. Seaport Capital</u>, - B.R. -, 2012 WL 112503, at * 12 (Bankr. D. Del. Jan. 12, 2012).

Having reviewed decisions on both sides of the issue, the court adopts the view that under <u>Stern v. Marshall</u>, this court may not enter a final judgment with respect to a fraudulent transfer action against a defendant who has not filed a proof of claim or consented to the bankruptcy court entering a final judgment.

Having determined that the Bankruptcy Court lacks the constitutional power to issue a final judgment in this proceeding, the court must consider whether it has statutory or other authority to submit proposed findings of fact and conclusions of law to the district court. Under 28 U.S.C. § 157(b)(1), bankruptcy judges "may hear and determine all cases under title 11 and all core proceedings arising under title 11 ... and may enter appropriate orders and judgments, subject to review...." Under 28 U.S.C. § 157(c)(1), a Bankruptcy Court may hear and "submit proposed findings of fact and conclusions of law to the district court," subject to de novo review, in a non-core proceeding. These

provisions suggest that "Congress wanted Bankruptcy Judges to finally adjudicate bankruptcy-related matters whenever Article III permitted them to do so, and to issue recommended findings subject to de novo review in the District Court whenever it did not." Adelphia Recovery Trust v. FLP Grp., Inc., 2012 WL 264180 (S.D.N.Y. Jan. 30, 2012) (quoting In re Coudert Bros. LLP, 2011 WL 5593147, at * 13 (S.D.N.Y. Sept. 23, 2011). Consistent with this reasoning, the District Court for the Northern District of California has held that

> Since Congress delegated broader authority to bankruptcy courts in core matters than non-core matters, 28 U.S.C. § 157(b)(1), (c)(1), and the delegation included the authority to hear and determine all cases and enter appropriate orders, 28 U.S.C. § 157(b)(1), there appears to be no reason why bankruptcy courts cannot continue to hear all pre-trial proceedings and enter as an appropriate order proposed findings of fact and conclusions of law in the manner authorized by Section 157(c)(1).

In re Heller Ehrman LLP, 2011 WL 6179149, at *6. Like the pre-trial proceedings at issue in Heller Ehrman, fraudulent transfer claims are core under 11 U.S.C. § 157(b)(2). Thus, after Stern, even without the consent of the litigants, the court may hear the fraudulent conveyance action, even though ultimately it may only submit proposed findings and conclusions to the district court.

This opinion constitutes the court's findings of fact and conclusions of law. A separate order shall be entered pursuant to FED. R. BANKR. P. 9021.

This 12th day of April, 2012.

*/s/ William L. Stocks*
WILLIAM L. STOCKS
United States Bankruptcy Judge

PARTIES IN INTEREST

Edwin R. Gatton, Esq.
P.O. Box 3324
Greensboro, NC 27402

A. Scott McKellar, Esq.
P.O. Box 7100
Rocky Mount, NC 27804-0100